# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MOORE,<br><br>                                  Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br>Warden,<br><br>                                 Respondent. | Case No.: 18cv1560-CAB-NLS<br><br>**ORDER CONSTRUING PETITION FOR WRIT OF HABEAS CORPUS AS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255; AND (2) INFORMING PETITIONER OF OPTIONS** |

On February 6, 2017, Petitioner, a federal prisoner currently incarcerated in Tucson, Arizona, proceeding pro se, filed a Petition for a Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 in this Court. [Doc. No. 1.] Petitioner states that he is challenging the validity of his conviction and sentence imposed by this Court on September 15, 2008, in Case No. 3:03-cr-00850-W. [Doc. No. 1 at 1.] While somewhat difficult to discern, it appears Petitioner is claiming there were *Brady* violations by the prosecutors in his trial. [Doc. No. 1 at 2, 4, 6.]

Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1046 (9th Cir. 2011); *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (section 2255

provides "the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention").

However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). A Section 2241 petition must be brought in a federal court in the district in which the inmate is confined; a challenge under Section 2255 must be filed in the court that originally imposed sentence. *Id*.

The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." *Id*. at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." *Marrero v. Ives*, 682 F.3d 1190, 1194 (9th Cir. 2012).

A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – where the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Alaimalo*, 645 F.3d at 1047 (quotation omitted). 2013) (prisoner's argument that he was "innocent of his career offender status for sentencing purposes is not cognizable as a claim of actual innocence") (quotation omitted).

Although the current action was filed as a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2241, this Court will construe it as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, as Petitioner is collaterally attacking the constitutionality of his conviction in this Court, and

has made no "escape hatch" claim under Section 2241. Given that this petition will be construed as a Section 2255 motion, pursuant to *Castro v. United States*, –U.S.–, 124 S.Ct. 786 (2003), the Court is required to give Petitioner the following options prior to ruling on his Section 2255 Motion and to inform Petitioner of the consequences of choosing those options.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under Section 2255 is strictly limited. The AEDPA amended 28 U.S.C. Section 2255 by providing for a one-year limitation period for prisoners to file motions under Section 2255. The section states, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . . . .
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255 (West Supp. 2008).

PETITIONER'S OPTIONS:

Option 1: Consent in writing to this Court ruling on his Motion

Petitioner may inform the Court of his desire to have the Court construe his Petition as a Motion under Section 2255 and rule on the merits of his Motion (including any statute of limitations defenses thereto). To do so, Petitioner should file a pleading with this Court entitled: "Consent to recharacterization of petition as motion under Section 2255." The Court will then proceed to rule on the merits of the Section 2255 Motion.

Option 2: Withdraw the instant Motion and file an all-inclusive Section 2255 Motion

Petitioner may withdraw the instant Motion and refile an all-inclusive Section 2255 Motion at a later date which contains all issues he wishes to raise. If Petitioner chooses Option 2, he must file a pleading with this Court entitled: "Notice of Withdrawal of Section 2255 Motion."

CONSEQUENCES OF PETITIONER'S ACTIONS:

Consequences of selecting Option 1: If Petitioner elects to proceed to the merits of his Section 2255 Motion by filing a "Consent to recharacterization of petition as motion under Section 2255," this Court will rule on Petitioner's Motion. However, the Court cautions Petitioner that if he chooses this option this would be his one opportunity to file a Motion under Section 2255 without being required to obtain permission from the court of appeals as set forth above.

Consequences of selecting Option 2: If Petitioner elects to withdraw the instant motion by filing a "Notice of Withdrawal of Section 2255 Motion," the Court will not rule on the Section 2255 Motion at this time. However, Petitioner will be permitted to include the claims presented in the instant Section 2255 Motion in an all-inclusive

Section 2255 Motion filed at a later date. However, the Court cautions Petitioner that he must file the all-inclusive Section 2255 Motion within the applicable statute of limitations set forth above (assuming it has not already passed). If Petitioner fails to timely file his all-inclusive Section 2255 Motion within the statute of limitations he will be required to seek permission from the court of appeals as set forth above.

## CONCLUSION AND ORDER

Based on the foregoing, and good cause appearing, the Court hereby **NOTIFIES** Petitioner of the options set forth above. Petitioner must reply to this Order no later than **August 17, 2018**, selecting one of the options set forth above. If Petitioner does not file a reply to this Order by that date, the petition will be dismissed without prejudice and without further court order.

**IT IS SO ORDERED**.

Dated: July 16, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge